UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE LEE | : | CIVIL ACTION NO. |
| | : | 3:22-CV-00819-SVN |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PORTFOLIO ADVISORS, LLC, BRIAN MURPHY, JESSE EISENBERG, WILLIAM INDELICATO, and ADAM CLEMENS | : : : | |
| | : | |
| Defendants. | : | October 7, 2022 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(f) MOTION TO STRIKE AND RULE 12(b)(6) MOTION TO DISMISS**

Pursuant to Local Rule 7(d), the defendants, Portfolio Advisors, LLC, Brian Murphy, Jesse Eisenberg, William Indelicato and Adam Clemens (collectively referred to herein as "PA" or the "Defendants"), by and through their undersigned counsel, hereby submit this reply in further support of their Rule 12 Motion to Strike and Motion to Dismiss ("Rule 12 Motion") portions of the Plaintiff, Michelle Lee's ("Plaintiff"), First Amended Complaint (the "Complaint").

    a. **Plaintiff Concedes that the Allegations Cited in PA's Rule 12 Motion are Untimely**

Plaintiff's Opposition does not contend that any of the allegations cited in PA's Rule 12 Motion were timely. Rather, the Opposition concedes that the allegations cited in the Rule 12 Motion were untimely. See Pl.'s Opp. to Def.'s Rule 12 Mot., filed on September 23, 2022, at Docket Entry No. 42 (the "Opposition"), pp. 5-6.  For the reasons stated in Defendants' initial memorandum in support of their Rule 12 Motion, as supplemented herein, those allegations should be stricken/dismissed because they are either discrete acts which cannot be saved by the "continuing violation" theory, or they are not sufficiently related to Plaintiff's timely allegations to constitute "background evidence."

Employment discrimination claims under Title VII and the CFEPA intentionally have a short statute of limitations to encourage employees to bring such claims forward expeditiously and to have the administrative agencies (and the courts) resolve them quickly. *See e.g., Dong Chul Kim v. Harte Hanks, Inc.,* 425 F. Supp. 3d 246, 259 (S.D.N.Y. 2019) ("The purpose behind the… statute of limitations is to encourage prompt resolution of claims, particularly in discrimination cases where evidence may be vulnerable to the passage of time.") Plaintiff in this case, a highly educated and trained lawyer, sat on her claims for 15 years, and now wants to litigate her entire employment history, which would completely vitiate the time limits imposed by applicable law and United States Supreme Court precedent.  This would also prejudice PA, as witnesses no longer work for PA (at least one is deceased) and memories have long faded on many issues.

### b. **Time-Barred Allegations Are Only Actionable Under a Continuing Violation Theory which is Inapplicable in this Case**

While conceding that Plaintiff's Complaint is littered with time-barred allegations, the Opposition  attempts to cloak them as permissible background evidence contrary to the continuing violation theory set forth in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102, 122 S. Ct. 2061, 2066, 153 L. Ed. 2d 106 (2002). Under *Morgan*, recovery for discrete acts of discrimination is precluded, even when the discrete acts relate to a timely filed charge. *Id.*, 113. It is well established in the Second Circuit that discrete acts include termination, failure to promote, failure to adequately compensate, and other separate, isolated and distinct acts. *Id.; see also Delrio v. Univ. of Connecticut Health Care*, 292 F. Supp. 2d 412, 420 (D. Conn. 2003). "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Morgan, supra, 536 U.S. 110. Morgan* holds that a plaintiff is only permitted to file a charge to cover discrete acts that occurred within the limitations period. Plaintiff's untimely allegations

amount to nothing more than discrete discriminatory allegations falling outside of the limitations period and are not actionable under *Morgan*. Those discrete acts are categorized as follows:

**RACE AND NATIONAL ORIGIN.** Plaintiff's time-barred allegations purporting to evidence racial discrimination in the portions of ¶¶, 31, 32, 33, 36, 37, 39 and parts of ¶¶ 53-55, 81-83 and ¶¶ 61, 69 discussed fully in the Rule 12 Motion, are discrete acts and are not actionable under *Morgan* as continuing violations. For example, one-off allegedly racist statements in 2009-2010 by "Mr. F," "Mr. G," "Mr. H," and "Mr. M" are isolated acts. The 2017 presentation by Mr. L, concerning Hello Kitty is an isolated occurrence. Plaintiff's untimely allegations that she was paid less and was not timely promoted because of her race are undisputedly discrete acts under *Morgan* and *Delrio*. Similarly, under *Morgan* and *Delrio*, allegations regarding other non-white employees[1] and their pay and/or promotion are also discrete acts that are not considered continuing violations by precedent. One-off allegations summarizing issues with Plaintiff's 2016 performance are particular isolated instances that cannot qualify under the continuing violation doctrine per *Morgan*. They should therefore be stricken/dismissed as briefed in the Rule 12 Motion. To the extent the Court finds a timely allegation of discrimination on the basis of national origin, PA reiterates that the comment alleged in ¶ 31(b) concerning Oriental families is a discrete act, not a continuing violation, and is time-barred under *Morgan.*

**GENDER.** Plaintiff concedes that she is not bringing a claim for either sexual harassment or pregnancy discrimination. Pl.'s Opp. p. 14 ("Plaintiff's FAC [first amended complaint] does not

---

[1] PA's Rule 12 Motion asserts that Plaintiff lacks standing to bring claims on behalf of other employees who are not parties to the subject litigation. PA stands by those arguments. While these allegations with respect to non-parties are time-barred and Plaintiff lacks standing to assert them, they also would not qualify as continuing violations and/or background evidence for the reasons stated herein.

bring separate claims for pregnancy discrimination and sexual harassment.") This concession by itself is sufficient for the Court to strike these allegations from the Complaint.[2]

In support of her gender discrimination claims, Plaintiff alleges a series of discrete, isolated, time-barred acts which must be stricken or dismissed under *Morgan* because they are not continuing violations, including that: "Mr. A" made sexual gestures toward Plaintiff on isolated occasions between 2011-2014; "Mr. B," a non-decision maker, made isolated comments about Plaintiff's clothing in 2009-2010; in 2014, Plaintiff observed the COO ignored employees disparaging people who made sexual harassment allegations; Plaintiff was paid less than males and/or not promoted in the same way as males; Plaintiff was called an "ice queen," "abrasive," and "difficult to work with." As briefed fully in the Rule 12 Motion, the time-barred discrete acts presumably supporting gender discrimination alleged in paragraphs 33, 34, 35, 36, 39, 101, 114 and parts of 22, 29, 38, 39, 40, 43, 61, 103, and 111 should be stricken or dismissed accordingly as particularly specified in the Rule 12 Motion because they do not qualify as actionable under *Morgan*.

With respect to hostile work environment claims, *Morgan* similarly holds that untimely allegations, even if purporting to contribute to the cumulative effect of a hostile work environment claim, can only be asserted if at least one discrete and related act occurring within the limitations period is alleged. *Id.*, 115, 118 (if an act is not part of the same timely hostile work environment claim, the employee cannot recover for the previous acts by reference of the timely but unrelated act). Plaintiff concedes in her Opposition that the only timely allegation Plaintiff asserts in her Complaint to support a hostile work environment within the statute of limitations is that Eisenberg allegedly belittled her. Those allegations, alone, are insufficient to state a hostile work environment

---

[2] This concession is also sufficient for the Court to impose Rule 11 sanctions and make an award to Defendants under 28 U.S.C. §1927, which Defendants will seek after the Court rules on its Rule 12 Motion.

claim on its face. *Sardina v. United Parcel Serv., Inc.*, 254 F. App'x 108, 110 (2d Cir. 2007) (a few off-color comments, even if containing swear words or teasing, does not rise to the level of an objectively hostile work environment).

However, even if the Eisenberg allegations did create a viable hostile work environment claim-- which they do not-- the gender discrimination allegations cited in the prior paragraph cannot support Plaintiff's hostile work environment theory because they do not relate to the alleged belittling by Eisenberg. Therefore, the untimely allegations relating to pregnancy discrimination and sexual harassment also fail to meet the *Morgan* standard for consideration under a hostile work environment theory because Plaintiff fails to make a single timely allegation concerning pregnancy discrimination or sexual harassment that relates to her timely claim that Eisenberg belittled her. Likewise, the untimely allegations relating to Plaintiff's performance evaluations, alleged rumors regarding Plaintiff (about her attitude and bathroom habits), and stereotyping of Asians, females, and non-Mormons, are isolated acts, unrelated to Eisenberg's allegedly improper commentary toward Plaintiff, and do not purport to relate to the same timely (but legally insufficient) hostile work environment claim. They are, therefore, impermissible and should be stricken.

**RELIGION.** Plaintiff relies almost exclusively on isolated, discrete acts that are inarguably time-barred to support her religious discrimination claim. The following time-barred and isolated acts cannot be construed as continuing violations under *Morgan*: PA hired Mormons in 2020 who immediately joined the Management Committee and who received special treatment; "Mr. H," made a comment about Murphy encouraging hiring Mormons in 2015; and on isolated occurrences, Mormons were promoted more quickly than Plaintiff, and were compensated higher than Plaintiff. As explained more fully in the Rule 12 Motion, such allegations should be stricken/dismissed accordingly because they are discrete acts, do not qualify as continuing violations and are not actionable under *Morgan*.

5

c.  **The Background Evidence Theory is Not Unlimited and Does Not Save Plaintiff's Untimely Allegations**

Plaintiff cannot use the "background evidence" theory to save her untimely allegations. "[R]elevant background evidence, such as statements by a decision maker or earlier decisions typifying the retaliation [or discrimination] involved, may be considered to assess liability on the timely alleged act." (Emphasis added.) *Davis-Garett v. Urb. Outfitters, Inc.,* 921 F.3d 30, 42 (2d Cir. 2019); *see also Fitzgerald v. Henderson,* 251 F.3d 345, 365 (2d Cir.2001) ("A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but *that is relevant to events during the period.*" [emphasis added]). Thus, the background evidence theory is not unlimited, and not every allegation meets the criteria of background evidence. *See Hunter v. Cnty. of Albany*, 834 F. Supp. 2d 86, 91 (N.D.N.Y. 2011) ("While untimely allegations can be asserted as background evidence, such background evidence must support a *timely* claim." [emphasis added]).

To successfully qualify as background evidence, the background allegations have to: (1) support a non-time barred allegation of discrimination or retaliation; and (2) qualify as statements by a decision maker, or earlier decisions typifying the acts involved. *See Davis-Garret, supra,* 921 F.3d, 30; *see also Johnson v. Connecticut Dep't of Admin. Servs. Bureau of Enter. Sys. & Tech*., No. 3:17-CV-00901 (JAM), 2018 WL 306697, at *4 (D. Conn. Jan. 5, 2018) (background evidence may support any non-time barred acts of discrimination).

Plaintiff's Opposition ignores the requirement that untimely background evidence must relate to a timely claim in order for it to be considered, even if the only purpose for consideration is background context as opposed to being an actionable claim.  Plaintiff's attempt to lump 15 years of allegations that have no direct correlation to any timely allegations in the Complaint as "background evidence" is an over-expansive misuse of the background evidence theory. Plaintiff's Complaint alleges a multitude of time-barred paragraphs that do not "typify" the timely causes of

6

action alleged, do not involve decision makers, and/or do not relate to the substance of the timely allegations of the causes of action at issue. Plaintiff cannot wave a magic wand and call allegations "background," where they fail to support a timely allegation, and/or are not allegations concerning decision makers or "typifying" the timely allegations. To permit Plaintiff to incorporate over 15 years' worth of time-barred and unrelated allegations that do not typify any timely allegations would permit the Plaintiff to proceed as though she was not subject to any statutes of limitation. This is contrary to precedent, would utterly vitiate the statute of limitations, and turn this case into a trial regarding everything that ever occurred during Plaintiff's 15 year employment history.

With respect to Plaintiff's race discrimination claim that she was denied pay and promotion, Plaintiff's only timely allegations of discriminatory comments by a decision maker are Mr. Murphy's statement about the COVID-19 vaccine being made in China, and Mr. Murphy's E-mail to her in response to her inquiries about her recent promotion and the valuation of her equity grant. Then, Plaintiff attempts to categorize miscellaneous comments made by non-decision makers at PA at various points between 2009 through the limitations period as "related" to her timely race discrimination claims (¶¶ 31, 32). Such statements not only are unrelated to any timely allegations, but they also are not made by decision makers, and do not "typify" the type of timely discrimination alleged. Similarly, Plaintiff incorrectly argues that this Court should consider allegations about promotions, self-evaluations, compensation, and stereotyping as background, hich again would be improper because these types of unrelated allegations do not "typify" any of Plaintiff's timely race discrimination allegations.[3]

---

[3] These allegations, as described in section (b), cannot be considered as actionable under the continuing violation doctrine because they are discrete acts. See Morgan, *supra,* 536 U.S. 120. To the extent that Plaintiff then tries to categorize them as background evidence under the background evidence theory, her argument is further flawed because these acts do not relate to any timely allegations, and do not "typify" any of the timely discrimination claims alleged.

Plaintiff's improper use of the background theory is most prominent with regard to her gender discrimination claims. As aforementioned, Plaintiff makes timely allegations that Mr. Murphy singled out and retaliated against Plaintiff because of her gender, and that a male COO was able to maintain his role despite multiple complaints about his performance. Plaintiff then attempts to categorize her untimely allegations of pregnancy discrimination and sexual harassment as background evidence to her gender discrimination claim about pay discrimination. Plaintiff again attempts to abuse the background evidence theory because she alleges no timely allegations of pregnancy discrimination and/or sexual harassment. In sum, Plaintiff cannot lump in extraneous allegations under the guise of "gender discrimination" when the time-barred allegations do not epitomize or embody the same nature of timely allegations supporting Plaintiff's gender discrimination theory, nor do they involve decision makers.

Plaintiff's argument that the pregnancy and sexual harassment claims constitute background for purposes of a hostile work environment claim is also deficient in fact and law. *See* Pl.'s Opp. p. 8. Under *Morgan,* on which Plaintiff relies, background evidence may be considered for purposes of a hostile work environment so long as at least one timely act relating to the same hostile work environment claim is alleged. *Morgan, supra*, 536 U.S. 120. More precisely, "[a] court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." *Id*. Plaintiff attempts to state that because her Complaint includes timely acts of Eisenberg allegedly belittling her, which Plaintiff incorrectly alleges is sufficient to support a hostile work environment claim (it is not), she should also be able to incorporate her pregnancy discrimination and sexual harassment claims as background evidence to support that hostile work environment claim. Pl.'s Opp. p. 8. This theory is vastly contradictory to precedent. Allegations of Eisenberg undermining and discrediting Plaintiff or otherwise holding Plaintiff to harsher

8

standards than others, regardless of the basis or alleged protected class, have no relationship to Plaintiff's alleged sexual harassment or pregnancy discrimination claims. Therefore, there is no timely hostile work environment claim to which pregnancy discrimination or sexual harassment allegations are attributable. *See Morgan, supra*, 536 U.S. 101; *Davis-Garret, supra,* 921 F.3d, 3 (governing the appropriate use of background evidence).

### d. The Admissibility of Allegations is Not an Appropriate Determination for the Pleading Stage.

To further support her argument that untimely and unrelated allegations should be considered as background evidence- which they should not- Plaintiff relies on case law addressing the admissibility of time-barred allegations. *See* Pl.'s Opp. p. 9-12. Plaintiff cites to cases governing the admissibility of evidence and/or testimony after the pleading stage. *See, e.g.*, *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 384, 128 S. Ct. 1140, 1145, 170 L. Ed. 2d 1 (2008) (discussing the admissibility of evidence under the Federal Rules); *Becker v. ARCO Chem. Co.,* 207 F.3d 176, 180 (3d Cir. 2000) (governing the admissibility of evidence at trial); *Phillip v. ANR Freight Sys., Inc.,* 945 F.2d 1054, 1056 (8th Cir. 1991) (referencing the admissibility of evidence for purposes of jury assessment). The issue of admissibility, however, is improper at the pleading stage. Rule 12, amongst other things, is intended to address the sufficiency of a pleading. *See* Fed. R. Civ. P. 12. A Rule 12(b)(6) motion is permitted to challenge the sufficiency of a pleading, making the determination of actionable allegations relevant, but is not the proper vehicle to address admissibility of evidence. *See id.*; *see also Wade v. Tiffin Motorhomes, Inc.,* 686 F. Supp. 2d 174, 182 (N.D.N.Y. 2009) ("It has long been understood that a dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.").

Regardless, before addressing whether background evidence should be considered or is admissible, the Court first must determine whether the allegations Plaintiff seeks to introduce as background meet the standard under *Morgan* (and further articulated in *Davis-Garett).* If the untimely allegations do not meet the *Morgan* standard, the Court should not proceed to address the issue of admissibility because such allegations are time-barred and inappropriate, and do not otherwise meet the background criteria for consideration, leaving them no avenue of admissibility in light of applicable statutes of limitations. Here, since the background evidence Plaintiff seeks to introduce fails to qualify as supporting non-time barred allegations, or as statements by a decision maker, or as events that "typify" other timely acts, the Court need not address the admissibility of such allegations and the portions of Plaintiff's Opposition arguing otherwise are inapposite.

e.   **Plaintiff's Inclusion and Discussion of Allegations Outside of the Complaint Is Inappropriate**

For purposes of a Rule 12 motion, the Court must assess the viability and materiality of each allegation based strictly on the pleadings. Additional context is not permitted. Plaintiff's explanation of her intent in including "pattern and practice" allegations is an inappropriate external explanation that should not be considered for purposes of ruling on the Rule 12 Motion. *See* Pl.'s Opp. p. 16.  Likewise, Plaintiff includes a series of comments concerning Dwyer in the Opposition that are not plead in the Complaint (including his background, skill set, responsibilities, performance issues, alleged complaints, and his working relationship with Plaintiff). *See* Pl.'s Opp. pp. 29-32.  These extraneous comments outside the pleadings should be ignored by the Court.

For all of the reasons stated herein, in addition to all of the reasons stated in Defendant's Rule 12 Motion, the allegations specified therein should be stricken and/or dismissed accordingly.

                            **DEFENDANTS,**
                            **PORTFOLIO ADVISORS, LLC, BRIAN MURPHY, JESSE EISENBERG, WILLIAM INDELICATO and ADAM CLEMENS**

By    */s/ Marc L. Zaken*
Marc L. Zaken (CT03110)
marc.zaken@ogletreedeakins.com
Kelly M. Cardin (CT29162)
kelly.cardin@ogletreedeakins.com
Chelsea R. Sousa (CT30991)
chelsea.sousa@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Telephone: 203-969-3101
Facsimile: 203-969-3150

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on October 7, 2022.

                            */s/ Marc L. Zaken*
                      Marc L. Zaken